**Opinion issued November 4, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-14-00577-CR**

————————————

**GERALD ALLEN PERRY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 607922**

---

**MEMORANDUM OPINION**

Appellant, Gerald Allen Perry, proceeding *pro se*, has filed an appeal of the

trial court's May 30, 2014 denial of his motion to recall the mandate issued by this

Court after affirming his felony conviction in 1994.[1]  The State has filed a brief in opposition contending that we lack jurisdiction over this felony post-conviction appeal.  We agree and dismiss the appeal.

Appellant claims that we should recall our 1994 mandate in appellate cause number 01-93-00207-CR because of an allegedly-intervening Fifth Circuit decision issued in 1997.  *See Hart v. O'Brien*, 127 F.3d 424, 448 (5th Cir. 1997).  While Texas Rule of Appellate Procedure 19.3(b) allows us to recall our mandate as these rules provide, recalling our mandate under Rule 18.7 only occurs if we have vacated or modified our judgment.  *See* TEX. R. APP. P. 18.7, 19.3(b).  However, after our mandate issued in 1994, our plenary power expired, and we lack jurisdiction to vacate or modify our judgment.  *See* TEX. R. APP. P. 19.3.

To the extent this *pro se* appeal may be construed as an application for a writ of habeas corpus challenging appellant's 1994 felony conviction, the relief sought by appellant can only be granted by a post-conviction writ of habeas corpus.  As we stated in dismissing appellant's similar appeal of the trial court's 2012 denial of his mandamus petition for want of jurisdiction, "Article 11.07 provides the

---

[1]  The underlying criminal case is *Gerald Allen Perry v. State of Texas*, Cause No. 607922, 180th District Court, Harris County, Texas, the Honorable Catherine Evans presiding.  We affirmed appellant's conviction for aggravated robbery, for which he was sentenced to 45 years in prison and a $2,000 fine, on February 24, 1994, and we issued our mandate on August 23, 1994.  *See Perry v. State*, No. 01-93-00207-CR, 1994 WL 52499, at *3 (Tex. App.—Houston [1st Dist.] Feb. 24, 1994, no writ) (not designated for publication).

2

exclusive means to challenge a final felony conviction" and "[o]nly the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from a final felony conviction." *Perry v. State*, No. 01-12-01051-CR, 2012 WL 6213718, at \*1 (Tex. App.—Houston [1st Dist.], Dec. 13, 2012, no pet.) (mem. op., not designated for publication) (citing, *inter alia*, TEX CODE. CRIM. PROC. ANN. art. 11.07, § 5 (West Supp. 2011)). Because appellant's felony conviction became final in 1994, even if we construe this appeal as a habeas application, this is a final post-conviction felony proceeding and, thus, we have no jurisdiction. *See id.* (citations omitted).

Accordingly, we **dismiss** the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f); TEX. CODE CRIM. PROC. ANN. art. 11.07(3)(a). We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Do not publish. TEX. R. APP. P. 47.2(b).

3